Pearson, J.
 

 The bill is filed under the statute Rev.. Code, chap. 7, sec. 20, giving a creditor the right to subject any fund in .the hands of an executor or. administrator to which a non-resident debtor may be entitled, which cannot be reached by an attachment-at lavy.-r„ ■,
 
 ->
 

 
 *159
 
 The question is, has the plaintiff offered the proof necessary to establish his debt. ' ■
 

 He relies upon a judgment rendered in his favor Under an attachment, in the County Court of Stokes. The record of that proceeding sets out a levy on 231 acres of land, 'a'judgment by default after due advertisement, and at 'a subsequent term, to-wit: March 1827, the Verdict of a jury “assessing the plaintiff’s damages to $119 90, of which, $115 is principal
 
 money;
 
 — ;;judgment
 
 of the icourt
 
 accordingly.” At June Term, 1827, a
 
 fieri facias
 
 which had been issued on this judgment, was returned “nothing found.” The bill alleges that after the judgment was rendered, the land levied on was Sold, but the proceeds of the sale were all consumed by prior levies, so that nothing was applied to the plaintiff’s debt, which remains unsatisfied.
 

 it was insisted, on the part of the defendant, that the judgment was void, and consequently did not furnish evidence of the debt, because there was no property of the debtor attached, which was necessary to constitute a case in court. In respect to the land, it was insisted, it was not the property of the debtor at the time it was attached under this proceeding, for that the title had been divested by the prior levies which consumed all it had been sold for, according to the plaintiff’s own showing; for this position,
 
 Armstrong
 
 v. Harshaw, 1 Dev. Rep., 187, was cited. The plaintiff’s counsel replied that in that case the property levied on was
 
 a quantity of corn
 
 upon which there had been older levies beyond its value ; here it was
 
 land
 
 — and he insisted that the difference in the kind of property distinguished the cases.
 

 We are satisfied the distinction is a sound one. A levy upon personal property divests the title of the debtor and transfers it to the officer for the purposes of the writ. So that ■ in ah ordinary
 
 fi. fa.
 
 the debt is satisfied by a levy upon personal -property of sufficient value, unless it is- restored' tot the debtor. If -the officer goes out of office, or if he dies, he,“in the-one case, or-liis personal-representative intlie other, must' complete the execution^ and mot his successor 'in office. “-ltd's
 
 *160
 
 otherwise as to land. The levy does not divest the title of the debtor. If he dies before the land is sold, his widow is entitled to dower, notwithstanding a previous levy. Frost v.
 
 Etheridge,
 
 1 Dev. Rep., 30, where the distinction is pointed out and established. It is well settled that in regard to land, the successor of the officer must complete the execution.
 

 The result is, that this land did belong to the debtor at the time of the levy, although there were older levies; so a case was duly constituted in court, and the judgment was valid at the time of its rendition. This being so, it cannot he rendered void by the fact that, at a sale subsequently made, the land did not bring enough to satisfy all the debts in respect to which levies had been made. The validity of a judgment cannot depend upon the accident that a tract of land sells for a large or a small sum.
 

 The defendant’s counsel also insisted, although it may be that the judgment would have been valid if the plaintiff had followed out his levy by a
 
 venditioni exponas,
 
 he has- waived thelevy byissing
 
 & fieri facias;
 
 consequently the judgment was left without any ground to'rest on, and is void ; for this
 
 Amyett
 
 v.
 
 Backhouse
 
 3 Murp. 63, is cited. There is no doubt in regard to the position that a prior levy is waived by issuing a
 
 fierifacias,
 
 but the conclusion insisted upon by the learned counsel, is a
 
 non sequituri
 
 Issuing a
 
 fieri facias
 
 waives the
 
 lien
 
 created by a prior levy. For instance-: if there be two executions levied on land, and the creditor, having the prior lien, instead of following it up by a
 
 venditioni
 
 exponas, chooses to- issue a
 
 fieri facias,
 
 he thereby looses his priority, provided the other creditor takes advantage of it. For he must depend upon his new writ, which creates a lien from its teste- — -whereas the other goes back to the levy, which he has followed out by a ..process in continuation.; So, .if after-a levy the debtor conveys the land
 
 Iona fide,
 
 if the creditor follows up his levy b
 
 jfi‘véñditioñi exponas, it
 
 overreaches the conveyance; but if he issues a
 
 fieri facias,
 
 which is a new and independent writ, he loses his leih,'and the purchaser has priority. That was the point decided in
 
 Amyett
 
 v.
 
 Backhouse,
 
 sup. Hall,
 
 *161
 
 Judge, “when the final judgment was rendered, the land levied on was thrown into the general mass of landed property-belonging to the defendant by taking out an execution against his property generally. The lein created by the attachment was lost, and the title to the land vested in the plaintiff.”
 

 The effect of taking out an execution against the property generally, i. e., a
 
 fieri faoias,
 
 is confined to a loss of the
 
 lien
 
 created by the former levy, and it is not intimated that it would be extended so as to make the judgment void. .Upon what principle, or for what reason, should it have this effect? Suppose the creditor had issued no execution — ^neither a
 
 venditioni exponas,
 
 nor a
 
 fieri faoias,
 
 then, it is clear, there could be nothing to affect the judgment, and it would remain as record evidence of the debt. If he chooses, finding that the proceeds of the sale of the land will be consumed by older levies, to issue a
 
 fieri faoias,
 
 in order to reach other property, if any could be found, and no other property is found, then the issuing of the
 
 fieri faoias
 
 is, at most, a mere act of supererrogation, and it is not seen how or why it can affect the validity of the judgment, supposing it to be valid in the first instance — which is the conclusion arrived at above in considering the effect of the prior levies.
 

 The plaintiff is entitled to a decree for the amount admitted by the defendant, Mendenhall, to be in his hands, as the judgment, with interest, exceeds that sum.
 

 Fee Cueiam, Decree accordingly.